UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER H. ESPINOZA,

                              Plaintiff,

            v.

LIBERTY MUTUAL INSURANCE

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

24-CV-4502 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

Peter H. Espinoza ("Plaintiff"), proceeding pro se, filed this action against Liberty

Mutual Insurance ("Defendant") seeking relief pursuant to N.Y. Veh. & Traf. Law § 313. For

the reasons discussed below, the complaint is dismissed without prejudice for failure to

prosecute.

## BACKGROUND[1]

Plaintiff commenced the instant action on June 26, 2024. (Compl., ECF No. 1.) By order

dated July 1, 2024, the Court informed Plaintiff that his complaint included illegible, handwritten

information and directed Plaintiff to send a typewritten copy of the complaint, containing legible

portions of Sections II(B)(2)(b), III, and IV thereof, to the Clerk of Court by July 12, 2024.

Plaintiff failed to do so. By order dated July 22, 2024, the Court, again, directed Plaintiff to send

a typewritten copy of the complaint, containing legible portions of Sections II(B)(2)(b), III, and

---

[1] The following facts are derived from Petitioner's complaint and the case docket; the facts are assumed to be true
for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF
system.

IV thereof, to the Clerk of Court by August 21, 2024.  Plaintiff subsequently requested and was granted two extensions of time to file an amended complaint.

On September 17, 2024, Plaintiff filed his amended complaint.  (Am. Compl., ECF No. 11.)  By motion dated November 18, 2024, Defendant moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  (Def.'s Mem. Supp. First Mot. Dismiss ("First Mot. Dismiss"), at 1, ECF No. 17-2.)  By order dated December 3, 2024, the Court terminated, as improperly filed, Defendant's motion to dismiss, dated November 18, 2024, and directed Defendant to file a pre-motion conference letter by December 6, 2024, and Plaintiff to file a response letter by December 13, 2024.  By motion dated December 3, 2024, Defendant requested a pre-motion conference seeking leave to file a motion to dismiss the complaint.  (Def.'s Pre-Mot. Conference Req., ECF No. 18.)  By order dated January 10, 2025, Defendant's motion requesting a pre-motion conference was denied.  In the same order, Defendant was directed to serve Plaintiff with its motion by January 17, 2025, Plaintiff was directed to serve his opposition by February 14, 2025, and Defendant was directed to serve any reply by February 28, 2025.  Defendants served their motion to dismiss on Plaintiff on January 14, 2025, and filed their motion to dismiss on March 3, 2025.  (Def.'s Mem. Supp. Second Mot. Dismiss ("Second Mot. Dismiss"), ECF No. 20; Aff. Service, ECF No. 20-6.)  Plaintiff failed to serve or file any response in opposition to Defendants' motion to dismiss.  By order dated April 10, 2025, Plaintiff was directed to file a response in opposition to Defendants' motion to dismiss by April 23, 2025.  In the same order, Plaintiff was warned that "[f]ailure to abide by this [o]rder may result in dismissal for failure to prosecute."  Plaintiff failed to file a response.  By order dated May 9, 2025, Plaintiff was again directed to file a response; this time by May 22, 2025.  In

this order, Plaintiff was warned that "[f]ailure to abide by this [o]rder may result in dismissal for failure to prosecute." Plaintiff again failed to file a response. By order dated June 4, 2025, Plaintiff was directed for a third time to file a response by June 11, 2025. In that order, Plaintiff was warned that "[f]ailure to abide by this [o]rder will result in dismissal for failure to prosecute." Again, Plaintiff failed to respond. Indeed, Plaintiff has not filed anything on the docket since the case was removed to this Court in September 2024.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed. R. Civ. P. 41(b). The prudent application of this rule is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice). Notwithstanding its benefits, disposal of cases for want of prosecution is "a harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)). Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard,

3

and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months). Dismissal is proper here.

*First*, over six months have lapsed since Plaintiff was first directed to file a response in opposition to Defendants' motion to dismiss. While there is no bright-line rule, the Second Circuit has found shorter periods of inaction sufficient to warrant dismissal. *See Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming district court's judgment of dismissal for failure to prosecute after plaintiff caused a delay of "nearly six months" by repeatedly failing to appear for his deposition). Without question, over a six-month delay is sufficient.

*Second*, Plaintiff has been given three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute. In the April 10, 2025, May 9, 2025, and June 4, 2025 orders, the Court warned Plaintiff that failure to file a response to the Court's orders may result in dismissal for failure to prosecute. Despite these warnings, Plaintiff has failed to file a response. These orders are sufficient to support dismissal. *See, e.g.*, *Hunter v.*

4

*New York State Dep't of Corr. Servs*., 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendant. Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). Courts may presume such prejudice where Plaintiff has caused an "unreasonable delay." *Lyell Theatre Corp.*, 682 F.2d at 43. Indeed, the Second Circuit has affirmed dismissal for failure to prosecute when considering similar delays. *See, e.g.*, *Brow*, 391 F. App'x at 937 (affirming dismissal where Plaintiff caused a delay of six months). Here, Plaintiff has inexplicably caused an over six-month delay by failing to respond in opposition to Defendants' motion to dismiss, despite the Court's multiple orders directing Plaintiff to do so. As such, Defendants are presumed to be prejudiced.

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in his chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [s]he [stands] ready to press [her] claims[.]" *See Ruzsa v. Rubenstein Atty at L.*, 520 F.3d 176, 177-78 (2d Cir. 2008). Here, the Court issued three orders over a five-month period, directing Plaintiff to respond in opposition to Defendants' motion to dismiss. More than a month has lapsed since the issuance of the Court's most recent order, yet Plaintiff has still failed to respond. In other words, Plaintiff has been given ample time to indicate a readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of N.Y.*, No. 14-CV-4279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-4279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016); *see also Ruzsa*, 520 F.3d at 178 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York                 /s/ LDH
      November 4, 2025                 LaSHANN DeARCY HALL
                                United States District Judge